IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEC 23 2008

Shawntez Hairston
  Plaintiff,

vs.

Matthew Scott, et al,
  Defendants

Case No. 08-913-DRH

Civil rights Act
42 U.S.C. §1983

## Original Complaint

Comes Now, Pro-se Plaintiff, Shawntez Hairston, and hereby brings this action against the above-named defendants, pursuant to the Civil Rights Act of 42 U.S.C. §1983, for alleged violations of his constitutional Rights. In support hereof, plaintiff states and alleges as follows:

## Jurisdiction and Venue

1. This Court has original jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the United States District Court for the Southern District of Illinois, as all defendants named in this cause resides in said Judicial District.

1 of 11 pages

## PARTIES

3. Plaintiff, Shauntez Hairston, was at all times relevant herein, a Pretrial Detainee, incarcerated at the St. Clair County Jail (hereinafter referred to as S.C.C.J.) at 700 North 5th St, in Belleville, Illinois 62220. Plaintiff is a party under 42 U.S.C. § 1983

4. Defendant Matthew Scott, was at all times relevant herein, designated as a Sergeant at "S.C.C.J." He is also party under 42 U.S.C. § 1983. Currently this defendant is the Assistant Superintendent at/of the "S.C.C.J."

5. Defendant Shawn McPeak, was at all times relevant herein, designated as a correctional officer at "S.C.C.J." He is also a party under 42 U.S.C. § 1983.

6. Defendant Regina Ray, was at all times relevant herein, designated as a Lieutenant/Corrections Supervisor and Shift Commander at "S.C.C.J". She is also a party under 42 U.S.C. § 1983.

7. Defendant Phil McLaurin, was at all times relevant herein, designated and duly appointed as the Major/Jail Superintendent at S.C.C.J. He is also a party under 42 U.S.C. § 1983.

8. Defendant Mearl Justus, was at all times relevant herein, duly appointed and elected as the Sheriff of the entire St. Clair County Sheriff Department in which the S.C.C.J. is a division of. He is also a party under 42. U.S.C. § 1983.

## Actual Averments

9. At all times relevant herein, each of the named defendants were employees at/of "S.C.C.J." and each were acting under color of Illinois State Law in their respective capacities as Jail officials at "S.C.C.J."

10. At all times relevant herein, the Plaintiff was in the care, custody and control of each of the named defendants.

11. Plaintiff states, that the acts and omissions of each of the named defendants deprived him of his rights, privileges and immunities secured by the Constitution and Laws of the United States.

12. As a direct and proximate result of each of the defendants actions and/or inactions alleged herein, Plaintiff has suffered and will continue to suffer in the Future, including but not limited to, physical pain and injuries, serious emotional and mental anguish, embarrassment and humiliation, stress and lost of companionship.

## Statement of the Facts

13. On or about September 18, 2008, while Plaintiff was incarcerated at the "S.C.C.J.", he was a victim of the wanton infliction of pain and subjected to the willful and malicious use of excessive Force by Defendants Matthew Scott and Shawn McReak, while Plaintiff was laying on the ground on his stomach unable to defend himself.

14. The Plaintiff was being held in unlawful living conditions at the time of this incident and had been subject to 24 hour lockdown for multiple days.

15. The Plaintiff advised Defendants Matthew Scott and Shawn McPeak that he was tired of being confined to the nasty, filthy cell infested with vermin and tired of being locked down 24 hours.

16. Plaintiff began to bang his head on the steel/metal door thats when Defendant Matthew Scott ordered the Plaintiff to lie on the ground on his stomach and place his hands behind his back. All this was said while the door was locked and Defendant Scott was on the outside of the cell apparently waiting on Defendant McPeak cause thats who came to assist him.

17. Plaintiff complied with Defendant Scotts instruction and layed on his stomach and put his hands behind his back.

18. When the door opened Defendant Scott came in and immediately jumped on Plaintiffs back putting his knee in the Plaintiffs upper back and pulling his forearm up towards the middle of his back causing the plaintiff to scream out loudly in pain. While Defendant Scott was doing that. Defendant McPeak pushed my ankles towards the middle of my body then put his knee on my shin allowing all his weight to be pressed down on me.

19. Plaintiff contends that Defendant Scott and McPeak are both over 6 foot 3 inches tall and weigh over 225 pounds.

20. While Defendant McPeak and Scott was applying pain to Plaintiffs body Defendant Scott yelled in plaintiffs ear putting his face so to Plaintiffs

face that saliva was coming out of his mouth. Until plaintiff face the Defendant Scott was screaming "Don't Fuck with me today, today is not the day Shauntez and I don't give fuck who you write, yous can File your lawsuits I Don't give a Fuck."

21. At that time Plaintiff was yelling "I didn't do anything why are you doing this to me. The Plaintiff began to yell and scream cause of the pain he was enduring. That's when Defendant Scott put his index finger behind the Plaintiff's lower ear and applied so much pressure that the Plaintiff began to cry out in tears and in pain and began to jerk and move in an attempt to get them off of him.

22. Defendant used his index finger to apply pressure to a pressure point that is located right behind the earlobe and applied so much pressure in that crevice that it hurted for multiple days afterwards.

23. Plaintiff contends that when he began to move Defendant McPeak stuck his knee in the Plaintiff's lower back with all of his weight.

24. The Plaintiff yelled out to Defendant Ray when he heard her voice near — right outside of the QRs door.

25. Defendant Scott then violently picked up the Plaintiff Jolting him up against the wall and door and began to Jolt the plaintiff from wall to wall then up against the wall outside of the cell being very vituperative towards the Plaintiff.

26. Plaintiff contends that once he was being jolted around like a ragdoll in the air he noticed another officer by the name of Officer Stanley who had a camera in his hand but was not recording what was going on.

27. Defendant Scott then slammed the Plaintiff into restraint chair and Defendant McPeak and c/o Stanley strapped the Plaintiff into the chair.

28. Plaintiff contends that, throughout said use of excessive force described herein, he was totally passive while laying on his stomach and did not offer any physical resistance towards defendant Scott and McPeak until pressure was applied to the pressure point behind the Plaintiff earlobe and the pain was unbearable.

29. As a result of the excessive use of force described herein, against Plaintiff by Defendant Matthew Scott and Shawn McPeak, plaintiffs lower back was bruised and his neck was sprung and the Plaintiffs been enduring lower back pains every since.

30. The Plaintiff was denied medical treatment afterwards by Defendant Ray, Scott and McPeak.

31. All defendants named herein are being sued in their individual capacities.

32. Plaintiff contends that, as a result of the actions and/or inactions, as described herein, he has suffered tremendous amounts of pain and serious constitutional deprivations.

33. Plaintiff contends that Defendant McPeak should of stopped Defendant Scott from using excessive force against Plaintiff.

34. Plaintiff contends that Defendant Regina Ray should of came and intervened when she heard the Plaintiff screaming help and yelling her name and screaming out in pain.

## Count 1 - Civil Rights Claim Against Defendant Matthew Scott and Shawn McPeak.

35. Plaintiff reasserts and incorporates herein by reference, every fact, matter and allegation contained in paragraphs 1 through 34.

36. At all times relevant hereto, defendant Matthew Scott and Shawn McPeak was under a legal duty to protect Plaintiff from a deprivation of his rights, privileges and immunities secured to him by the Constitution and Laws of the United States.

37. The conduct of Defendant Matthew Scott and Shawn McPeak described in paragraphs 12 through 30 deprived Plaintiff of his Constitutional Rights under the 4th, 8th and 14th amendments to be free from the wanton infliction of pain and the unnecessary and malicious use of excessive force. Moreover, Plaintiff had a Constitutional Right to be free from cruel and unusual punishment.

38. Defendant Matthew Scott and Shawn McPeak knew or should have known that his actions described in paragraphs 12 through 30, clearly violated Plaintiffs Constitutional Rights.

39. Defendant Matthew Scott and Shawn McPeak actions described in paragraphs 12 through 30 was malicious and in conscious disregard for the Constitutional Rights of Plaintiff.

## Count II - Civil Rights Claims Against Defendants Phil McLaurin, Mearl Justus and Regina Ray

40. Plaintiff reasserts and incorporates herein, by reference every fact, matter and allegation contained in paragraphs 1 through 30.

41. At all times relevant hereto, defendants Phil McLaurin, Mearl Justus, and Regina Ray was under a legal duty to protect Plaintiff from a deprivation of his rights, privileges and immunities secured to him by the Constitution and Laws of the United States.

42. At all times relevant hereto, Defendants Phil McLaurin, Mearl Justus, and Regina Ray by their actions, inactions, omissions and knowledge were careless, malicious and deliberate indifferent to the well established Constitutional Rights of Plaintiff, in that:

a. Defendants McLaurin, Justus, and Ray entrusted the care, custody, and safety of plaintiff with Defendant Scott and McPeak, who have threatened Plaintiff in pass and who have had altercations with Plaintiff prior to this incident and are incompetent and untrustworthy.

b. Defendants McLaurin, Justus, and Ray knew or should have known by the numerous previous complaints against Defendant Scott and McPeak, that their failure to react and take disciplinary actions against Defendant Scott and McPeak and make alternative arrangements to assure the safety of Plaintiff, would violate plaintiffs constitutional rights;

c. Defendants McLaurin, Justus and Ray failed to properly investigate all previous allegations of complaints from numerous pretrial detainees (including the Plaintiff) against Defendants Scott and McPeak;

d. Defendants McLaurin, Justus and Ray deliberately failed and refused to ~~[strikethrough]~~ properly supervise Defendants Scott and McPeak; and

e. Defendants McLaurin, Justus and Ray deliberately failed and refused to enforce their written policy and procedures, which would have ensured the lawful care, safety and treatment of Plaintiff, all of which deprived plaintiffs of his Constitutional Rights under the 4th, 8th and 14th Amendments.



43. Plaintiff contends furthermore that when he asked Defendant Scott ~~[strikethrough]~~ (i.e. later) why he did what he did to him he said we can talk about it in a couple weeks. When the Plaintiff inquired why not talk about it now, he (i.e. Defendant Scott) said will talk about it in a couple weeks. Officer Eric Browder and Defendant McPeak was present ~~[strikethrough]~~ during this conversation and they said why don't you talk to the Assistant Superintendent about it. ~~[strikethrough]~~ With smirks on their faces and giggling. Plaintiff said there isn't an Assistant Superintendent (cause at the time there wasn't one). Then they said yes it is and ~~[strikethrough]~~ when I asked who, the indicated that it was Defendant Scott who was not officially the Assistant Superintendent yet,

but in two weeks would be and that's why defendant Scott meant when he said we can talk about in two weeks. When he would be in a position to make life very difficult at S.C.C.S. for the Plaintiff. This Law suit may cause him and Defendant McLaurin and Ray to make things and life difficult including but not limited to cruel and unusual punishment and violations of my Constitutional rights.

### Relief

44. Plaintiff pray for judgement against Defendants Matthew Scott, Shawn McPeak, Regina Ray, Mearl Justus and Phil McLaurin in the amount of $10,000.00 (Ten-Thousand dollars) to justly compensate Plaintiff for his injuries and damages. Said Requested sum is being requested individually...... particularly $10,000.00 (Ten-Thousand Dollars) from each of the named Defendants.

45. Plaintiff pray for an additional award and judgement of punitive or exemplary damages in the amount of $10,000.00 (Ten-Thousand Dollars) against each of the named Defendants individually.

46. Plaintiff pray for an award of Attorney Fees and cost against the named-Defendants, pursuant to the Attorney Fees Award Act under 42 U.S.C. § 1988

47. Plaintiff pray that he be granted liberal construction of his foregoing complaint.

48. Plaintiff pray for such other relief as deemed just and equittable.

I declare under penalty of perjury (pursuant to 28 U.S.C. §1746) that all of the above and foregoing is true and accurate to the best of my knowledge, information and belief.

Dated this 12th day of December, 2008.

Respectfully Submitted
By: *Shaunte Hairston*
Shauntez Hairston
700 North 5th St
Belleville, IL. 62220

Prose Plaintiff